IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEVEN D. PRENTICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:14CV1049 |
| | ) |
| LISA BLUE BOGGS, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner facing a future sentence in the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but did not include the amount of deposits into his prison trust account for the past six months or provide sufficient information to allow the Court to calculate that amount.

2. Plaintiff seeks to use this action to raise claims that would necessarily call his criminal convictions into question. Plaintiff is not permitted to do this without first showing that such convictions have been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). He does

not do this.  In fact, Plaintiff states at various points that he seeks dismissal of the criminal charges and/or his release from custody as part of this lawsuit.  This is not a proper request for relief under § 1983 or <u>Bivens</u>.  Instead, Plaintiff would have to attack his convictions by filing a motion under 28 U.S.C. § 2255 or a habeas corpus petition under 28 U.S.C. § 2254.

3. .Plaintiff's suit appears to be barred by the applicable statute of limitations.  The statute of limitations in this case is three years.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (stating that the personal injury statute of the state where the alleged violation occurred is the appropriate statute of limitations in a <u>Bivens</u> action);  <u>Brooks v. City of Winston Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).  A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).  Here, Plaintiff challenges events related to a search of his residence and other property in the year 2000.  These claims are well out of time.  Plaintiff claims that he did not discover part of the supporting documentation for his claims until a decade later, but even that discovery would be beyond the statute of limitations.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 16th day of January, 2015.

      /s/ Joi Elizabeth Peake
      United States Magistrate Judge